THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
FARGO DIVISION

| | |
|---|---|
| **DEMARIOUS COLLINS,** | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| vs. | ) |
| | ) **PLAINTIFF'S COLLECTIVE ACTION** |
| **JB RAILROAD CONTRACTING, INC.,** | ) **COMPLAINT** |
| | ) |
| Defendant. | ) **JURY DEMAND ENDORSED HEREON** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Demarious Collins ("Named Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, bring this action against Defendant JB Railroad Contracting, Inc. ("JB") seeking unpaid wages, including overtime wages, and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Named Plaintiff allege as follows:

**PARTIES**

**Plaintiff**

1.  Plaintiff Demarious Collins is an adult resident of Illinois. Collins consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Collins is attached hereto as Exhibit A.

2.  At all relevant times, Defendant employed Collins as an hourly non-exempt laborer.

3. Collins regularly worked more than 40 hours per workweek.

4. Collins is a covered employee within the meaning of the FLSA.

**Defendant**

5. Defendant JB is a North Dakota corporation doing business in multiple states. Upon information and belief, its principal place of business is located in Fargo, North Dakota.

6. Defendant is in the business of providing track and transit systems construction and maintenance services.

7. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

8. At all relevant times, Name Plaintiff and similarly situated individuals were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

9. Defendant applies the same employment policies, practices, and procedures to all laborers.

## JURISDICTION AND VENUE

10. Named Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b).

11. At all times material to this Complaint, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12. Defendant's gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

13. At all times material to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

14. Defendant is subject to personal jurisdiction in the State of Ohio because Defendant does business in the State of Ohio, and the events giving rise to the lawsuit occurred in Ohio.

15. Venue is proper in this Court because Defendant performs track and transit construction and maintenance work in this District, and the events giving rise to the lawsuit occurred, in part, in this District.

## FACTUAL ALLEGATIONS

16. Defendant performs track and transit system construction and maintenance work in multiple states.

17. At all relevant times, Defendant employed Named Plaintiff and similarly situated individuals as non-exempt laborers.

18. Laborers performed the manual tasks associated with Defendant's track and transit system construction and maintenance services.

19. Defendant paid laborers on an hourly basis.

20. Laborers were required to report to jobsites to perform Defendant's construction and maintenance services in various states. These jobsites were frequently located hundreds of miles away from laborers' home communities.

21. Laborers typically work at least forty (40) hours per workweek. Laborers typically worked multiple-day shifts away from their home communities. Because the worksites

were away from their home communities, laborers typically stayed overnight in hotels during the scheduled work shifts.

22. Laborers spent most of the day before and after their shifts driving hundreds of miles to and from the jobsites. This travel cut across Laborers' normal working hours during both regular working days and nonworking days.

23. The identity of all laborers is unknown at this time, but is known to Defendant and is contained in Defendant's records.

24. Defendant did not count time spent traveling as hours worked for purposes of determining overtime eligibility. Consequently, Defendant failed to pay proper wages, including overtime wages to Named Plaintiff and other similarly situated individuals.

25. At all material times, Defendant willfully deprived laborers of proper wages, including overtime wages.

26. Defendant knew that laborers were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to jobsites.

27. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Named Plaintiff and other similarly situated individuals is unknown at this time. However, Defendant possesses many of the records necessary to make precise calculations.

28. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

29. Defendant did not make, keep or preserve accurate records of the hours worked by Named Plaintiff and similarly situated individuals.

30. Defendant's unlawful conduct has been widespread, repeated, and consistent.

31. Defendant's conduct was willful and in bad faith and has caused significant damages to Named Plaintiff and similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

32. Named Plaintiff, on behalf of himself and other similarly situated individuals, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

33. Named Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All persons who JB employed or employs as non-exempt hourly employees who have not been paid at an overtime rate for time spent traveling to jobsites in which an overnight stay is required when such travel resulted in a work week in excess of 40 hours at any time during the three years preceding the filing of this action. ("FLSA Collective")

34. Named Plaintiff is similarly situated to the FLSA Collective and will prosecute this action vigorously on their behalf.

35. During the relevant time period, Named Plaintiff and the FLSA Collective routinely spent time traveling away from home to Defendant's jobsites. Named Plaintiff and the FLSA Collective were not compensated for their travel time at an overtime rate, even when such travel resulted in a work week in excess of 40 hours.

36. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Named Plaintiff and the FLSA Collective proper compensation, including overtime compensation, for their travel time.

37. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Defendant is liable under the FLSA for failing to properly compensate Named Plaintiff and the FLSA Collective and, as such, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime wages in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### COUNT I - FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf of Named Plaintiff and the FLSA Collective)

39. Named Plaintiff, on behalf of himself and similarly situated individuals, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40. The FLSA requires employers to compensate employees for their travel time. U.S. Department of Labor regulations require payment for travel time when employees are required to travel away from their home communities. *See* 29 C.F.R. § 785.39.

41. As employees of Defendant, Named Plaintiff and the FLSA Collective have not been compensated for time spent traveling away from their home communities to Defendant's jobsites at an overtime rate, even when such travel resulted in a work week in excess of 40 hours.

42. The FLSA at 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek.

43. Defendant suffered and permitted Named Plaintiff and the FLSA Collective to work in excess of 40 hours per workweek. The time that Named Plaintiff and the FLSA Collective spent traveling away from their home communities to Defendant's jobsites caused Named Plaintiff and the FLSA Collective to work hours in excess of 40 hours per workweek.

44. Defendant failed to compensate Named Plaintiff and the FLSA Collective for the travel time hours they worked in excess of 40 hours per workweek at an overtime rate.

45. Named Plaintiff and the FLSA Collective do not qualify for an exemption from the FLSA's wage and overtime obligations.

46. Defendant knew that Named Plaintiff and the FLSA Collective are not exempt from the FLSA's wage and overtime provisions.

47. Defendant knew that it was required to pay Named Plaintiff and the FLSA Collective for all hours worked, including hours spent traveling away from their home communities to jobsites.

48. Defendant knew that it was required to pay Named Plaintiff and the FLSA Collective for all hours worked over forty in any workweek.

49. In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime wages to which Named Plaintiff and the FLSA Collective are entitled.

50. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Named Plaintiff and the FLSA Collective proper wages, including overtime wages for all hours worked.

51. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Named Plaintiff and the FLSA Collective at the required overtime rate for all overtime hours worked.

52. In violation of the FLSA, 29 U.S.C. § 516, Defendant has failed to make, keep, and preserve records with respect to each of their employees, including Named Plaintiff and the FLSA Collective, sufficient to determine Named Plaintiff' and the FLSA Collective's wages, hours, and other conditions and practice of employment.

53. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. As the direct and proximate result of Defendant's unlawful conduct, Named Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Named Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and all similarly situated members of the FLSA Collective, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action under the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent to join forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that the Named Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violation of the wage and overtime provisions of the FLSA, including failing to maintain accurate time records of all hours worked by Named Plaintiff and the FLSA Collective;

d. Judgment that Defendant acted willfully and in bad faith in violating the FLSA;

e. Judgment against Defendant awarding an amount equal to Named Plaintiff' and the FLSA Collective's unpaid wages, including overtime wages, at the applicable rate, including the applicable overtime rate calculated as one and one-half times the regular rate of pay, and an equal amount of liquidated damages;

f.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

g.     An award of prejudgment interest;

h.     Such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges
Shannon M. Draher
NILGES DRAHER LLC
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demand a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Hans A. Nilges*
Hans A. Nilges
*Counsel for Plaintiff*