# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# FARGO DIVISION

| | |
|---|---|
| **DEMARIOUS COLLINS, on behalf of himself and others similarly situated,** ) ) ) | CASE NO. 3:18-CV-00165 |
| ) | JUDGE DANIEL L. HOVLAND |
| Plaintiff, ) ) | |
| vs. ) ) | |
| **JB RAILROAD CONTRACTING, INC.,** ) ) | |
| Defendant. ) | |

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT OF COLLECTIVE ACTION AND DISMISSING ACTION WITH PREJUDICE

## INTRODUCTION

Plaintiff, Demarious Collins ("Plaintiff") and JB Railroad Contracting, Inc. ("Defendant") (together with Plaintiff, the "Parties"), have entered into a Settlement Agreement of Plaintiff's Fair Labor Standards Act ("FLSA") claim pursuant to which Defendant will establish a common fund from which Plaintiff and other similarly situated Traveling Laborers (as defined below) may file claims in exchange for their release of claims and dismissal of this case with prejudice.

The Parties hereby move this Court for an Order approving the terms reflected in the Settlement, authorizing notice to certain current and former Traveling Laborers employed by Defendant informing them of their opportunity to participate in the Settlement, dismissing the case with prejudice, and retaining jurisdiction to enforce the terms of the Settlement. The Parties agree that the terms of the Settlement represent a fair, adequate and reasonable compromise of the claims at issue in light of the existence of disputed issues of fact, disputed issues of law with respect to liability, uncertainty as to whether Plaintiff would be deemed similarly situated to other potential

opt-in plaintiffs, uncertainty as to whether Plaintiff would obtain a judgment in his favor, and the risk of possible appeals. The Settlement Agreement, Notice of Settlement, Consent to Join and Claim Form, and a proposed Order are attached hereto as **Exhibit A**.

## FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff and the Potential Opt-in Plaintiffs are the 86 non-exempt current and former employees who worked as Traveling Laborers for Defendant and were not paid for their travel time in compliance with the FLSA during the period of August 2, 2015, to the date of execution of the Settlement (the "Covered Period"), and who are identified on a list provided to Plaintiff's Counsel by Defendant (collectively, "Traveling Laborers").

In early 2108, Plaintiff's Counsel began investigating allegations that Traveling Laborers had been uncompensated for time spent traveling hundreds of miles to and from Defendant's jobsites. On August 2, 2018, Plaintiff filed this lawsuit. Shortly thereafter, the Parties began exploring the possibility of settling Plaintiff's claims.

The Parties commenced a settlement-privileged, confidential information exchange to provide Plaintiff's Counsel the opportunity to examine the Traveling Laborers' dates of employment, rates of pay, hours and days worked, and travel hours. Defendant provided such information for a representative sample of the putative class. Using this information, Plaintiff's Counsel calculated alleged overtime owed to the sample class within the three-year statute of limitations pursuant to the FLSA. (Nilges Decl., ¶ 10).

At the conclusion of this information exchange, the Parties agreed that they were prepared to engage in an informed settlement dialogue. The Parties participated in a full day mediation session with Magistrate Judge Alice R. Senechal on November 9, 2018, in Fargo, North Dakota. Prior to the mediation, Plaintiff's Counsel shared their damages model with Defendant's Counsel.

The Parties submitted detailed mediation briefs to Magistrate Judge Senechal. Their briefs addressed Plaintiff's alleged unpaid travel time claims and analyzed the data and information exchanged and the relevant law.

This analysis included, but was not limited to, whether Traveling Laborers were inadequately compensated for their travel away from his home community under 29 C.F.R. § 785.39; whether the claims could be certified under Section 216(b) of the FLSA; whether Plaintiff could establish a willful violation of the FLSA to extend the applicable statute of limitations beyond two years; and whether Defendant could establish that it had acted in objective and subjective good faith such that liquidated damages should not be awarded. (Nilges Decl., ¶ 12).

After nearly seven hours of difficult negotiation, and only with the skilled assistance of Magistrate Judge Senechal, the Parties reached a settlement of Plaintiff's claims. The settlement terms provide for Defendant to establish a common fund for a maximum settlement amount of $85,000 for the benefit of all Traveling Laborers employed within the Covered Period, to be distributed as follows:

- To Qualified Claimants (who are Plaintiff and Potential Opt-in Plaintiffs employed within the Covered Period who timely submit completed claim forms signifying their agreement to release all claims under the FLSA that Defendant failed to pay them for their travel time during the Covered Period), shares of the Revised Gross Fund pursuant to an agreed upon allocation formula reflecting the number of workweeks each Claimant has in the Covered Period. Unclaimed funds will revert to Defendant.

- To Plaintiff, a service payment of $5,000 to compensate him for his time and participation in representing the Potential Opt-In Plaintiffs in bringing the claims, participating in the investigation and informal discovery process, traveling from Illinois to North Dakota for a three-day trip, and providing input in advance of and during mediation.

- To Plaintiff's Counsel, one third of the Gross Fund for attorneys' fees, including those in connection with securing this Settlement, the claims process, and implementing this Settlement Agreement; and an additional amount for reimbursement of their reasonable costs and litigation expenses.

(Nilges Decl., ¶ 13).

The Parties now seek the Court's approval of this Settlement; approval of a service payment to Plaintiff; approval of Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; and authorization to send the proposed notice to Potential Opt-In Plaintiffs.

## MEMORANDUM OF LAW

### A. The Settlement is Fair and Reasonable.

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated to recover unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages.

Settling parties routinely seek judicial approval of a proposed Settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (approving FLSA settlement). District courts in this Circuit, and throughout the country, consider whether a bona fide dispute exists and whether the settlement, as well as the distribution of the settlement proceeds to opt-in plaintiffs, service awards, and attorneys' fees and costs are fair and reasonable. *See Burns v. EGS Fin. Care, Inc.*, Case No. 5:15-cv-6173, 2016 U.S. Dist. LEXIS 127478, *4-5 (W.D. Mo., Sept. 19, 2016). The law favors compromise and settlement of class and collective action lawsuits. *Id.* ("Public policy favors settlements of FLSA claims."); *Swiggart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, * 11 (S.D. Ohio July 11, 2014).

Based upon Plaintiff's Counsel's expertise and experience, the settlement is fair, just, and adequate to settle the claims of Plaintiff and Potential Opt-In Plaintiffs. (Nilges Decl., ¶¶ 15-26). While Plaintiff believes the allegations asserted in the action have merit and are supported by the information developed to date, Plaintiff's Counsel recognizes the expense and delay which would

be incurred as the result of the proceedings necessary to prosecute the action against Defendant through trial and appeal. In reaching the Settlement, Plaintiff's Counsel carefully considered the uncertain outcome and risk of any litigation. (Nilges Decl., ¶ 24).

The Settlement confers substantial benefits upon Plaintiff and Potential Opt-In Plaintiffs. Its terms represent a successful resolution of the claims given that a trier of fact might conclude that Plaintiff and others similarly situated are not entitled to any relief or to relief in an amount less than the amount agreed to in the Settlement, or that a court might not allow the claims to proceed collectively. In addition, the Settlement circumvents the potential that Defendant could avoid liability for all liquidated damages and a finding of willfulness, which would limit the claims to a two-year limitations period. Plaintiff's Counsel successfully negotiated and obtained Defendant's agreement for settlement purposes to extend the statute of limitations for a period of three years, which is longer than the presumptive two-year statute of limitations under the FLSA. (Nilges Decl., ¶ 16).

### B. Representative Plaintiff's Service Award is Proper and Reasonable.

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. The Eighth Circuit held: "Courts often grant service awards to named plaintiffs in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.'" *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir., 2017).

Service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). The courts

recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also*, *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Here, Plaintiff contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. Plaintiff revealed important information regarding the number of trips he and others made each year, the distance and duration of each trip, and other relevant information related to the claims in the Complaint. Further, Plaintiff spent three days traveling from Illinois to North Dakota to attend the in-person mediation. Plaintiff's in-person attendance was key in securing resolution of this matter. (Nilges Decl. ¶ 10-13).

### C. The Attorneys' Fees and Expenses to Class Counsel are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to Plaintiff and Potential Opt-In Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The Settlement reflects Defendant's agreement to pay Plaintiff's Counsel an amount for attorneys' fees equivalent to one-third of the Gross Fund and an additional amount for reimbursement of their reasonable costs and litigation expenses.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and

rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

The percentage award agreed upon in the present case satisfies the Eighth Circuit's standard for class action settlements. While a District Court has the discretion to base attorneys' fees on the lodestar method, "[t]he Eighth Circuit…has held that in 'common fund' cases, where attorney fees and class member benefits are distributed from one fund a percentage of the benefit method may be preferable to the lodestar method." *Wiles v. Southwestern Bill Tel. Co.*, Case No. 09-4236-cv-C – NKL, 2011 U.S. Dist. LEXIS 64163, *11-12 (W.D. Mo., June 9, 2011). This is consistent with other Circuits. For example, "the trend in the Sixth Circuit is toward adoption of a percentage of the fund method in common fund cases." *In re Southeastern Milk Antitrust Litig.*, 2013 U.S. Dist. LEXIS 70167, at * 13 (E.D. Tenn. 2013); *In re Telectronics Pacing Sys., Inc.*, 186 F.R.D. 459, 483 (S.D. Ohio 1999).

The Eighth Circuit, and District Courts within the Eighth Circuit, as well as District Courts throughout the country, routinely approve one-third fee awards in class and collective actions. *See, e.g.*, *Huyer v. Buckley,* 849 F.3d 395, 399 (8th Cir. 2017)(approving 1/3 fee award); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)(approving 36% fee award); *Yarington v. Solvay Pharmaceuticals, Inc.*, 697 F.Supp.2d 1057, 1061 (D. Minn. 2010)(approving 1/3 fee award); *Meller v. Bank of the West*, Case No. 3:18-cv-000333, 2018 U.S. Dist. LEXIS 169629, *19 (S.D. IA., Sept. 10, 2018); *Braucher, et al. v. Atlas Railroad Construction, LLC.*, Northern District of Ohio Case No. 5:14-cv-01601 (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Green, et al. v. H.A.D., Inc.*, Southern District of Ohio, Case No. 2:15-cv-933 (same); *Mulloy, et al. v. Cuyahoga County*, Northern

7

District of Ohio, Case No. 1:14-cv-02546 (same); *see, also., Terry v. All Hearts Home Health Care,* Northern District of Ohio Case No. 1:16-cv-515; *Houston, et. al. v. Progressive Casualty Insurance Co.,* Northern District of Ohio Case No. 1:15-cv-01853; *Rucker v. Quality Blow Molding,* Northern District of Ohio Case No. 1:15-cv-1039; *Douglas, et al. v. J&K Subway, Inc.,* Northern District of Ohio Case No. 4:14-cv-2621; *Smith v. CMHA,* Northern District of Ohio Case No. 1:14-cv-1409; *Armbruster v. City of Cleveland,* Northern District of Ohio Case No. 1:13-cv-2626; *Williams v. Beckett Air, Inc.,* Northern District of Ohio Case No. 1:12-cv-2796; *Welch v. Incept Corporation,* Northern District of Ohio Case No. 5:12-cv-1775; *Malaj v. Gohlke,* Northern District of Ohio Case No. 1:11-cv-1578; *Campbell v. Judson Services,* Northern District of Ohio, Case No. 1:11-cv-906; *Murphy v. 1-800-Flowers,* Northern District of Ohio, Case No. 1:10-cv-1822; *Miller v. National Enterprise Systems,* Northern District of Ohio, Case No. 1:10-cv-1664; *Osolin v. Turocy & Watson LLP, et al,* Northern District of Ohio, Case No. 1:09-cv-2935; *Kelly v. National Enterprise Systems,* Northern District of Ohio, Case No. 1:09-cv-2268; *McNelley v. Aldi,* Northern District of Ohio, Case No. 1:09-cv-1868; *Rotuna v. West Customer Management Group,* Northern District of Ohio, Case No. 4:09-cv-1608; *Jackson v. Papa John's,* Northern District of Ohio, Case No. 1:08-cv-2791; *Dillworth v. Case Farms,* Northern District of Ohio, Case No. 5:08-cv-1694; *Fincham v. Nestlé Prepared Foods Company,* Northern District of Ohio, Case No. 1:08-cv-73; and *McGhee v. Allied Waste Industries,* Northern District of Ohio, Case No. 1:07-cv-1110. This Court has also recently approved a one-third fee in wage and hour class actions. *Blair v. Atrium Personnel & Consulting Services, et al.,* Case No. 2016 CV 0344 (Tusc. Cty. Judge O'Farrell); *Hoover v. EZ Payroll & Staffing Solutions, LLC, et al.,* Case No. 2017 CV 03 0190 (Tusc. Cty. Judge O'Farrell).

Plaintiff's Counsel asserts that the amount of attorneys' fees and costs is reasonable in light of the circumstances of this case. Defendant has agreed not to oppose Plaintiff's Counsel's request

for attorneys' fees and costs in the amounts provided by the Settlement Agreement. Moreover, the efficient resolution of this case, without the necessity for prolonged litigation, was a direct result of Plaintiff's Counsel's experience in handling complex litigation and extensive knowledge of wage and hour law. (*See* Nilges Decl. ¶ 22).

In order to make this litigation possible, Plaintiff's Counsel agreed to advance the expenses and costs of litigation, discovery, and mediation for the benefit of Plaintiff and Potential Opt-In Plaintiffs. It is appropriate that the Court approve the reimbursement of these necessary expenses and costs to Plaintiff's Counsel from the common fund pursuant to the terms of the Settlement Agreement.

## **NOTICE OF OPPORTUNITY TO PARTICIPATE IN SETTLEMENT**

To facilitate this Settlement, this Court should authorize the Parties to mail the proposed Notice to Potential Opt-In Plaintiffs informing them of their opportunity to participate by filing a completed consent to join and release form. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168-69 (1989). The notice procedures provided under Section 216(b) permit potential plaintiffs to participate in the settlement by filing a completed consent to join form, while providing that those who do not elect to do so will not be bound by the settlement.

## CONCLUSION

The Parties submit this Settlement as a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Approval of Settlement; (2) certify the case as a collective action for settlement purposes only; (3) approve Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; (4) authorize notice to Traveling Laborers deemed similarly situated to Plaintiff (for purposes of this Settlement) of their opportunity to participate in the settlement; (5) dismiss the case with prejudice; and (6) retain jurisdiction to enforce the Settlement.

Dated:  November 30, 2018

Respectfully submitted,

| | |
|---|---|
| /s/ Hans A. Nilges | /s/ Sean T. Foss |
| Hans A. Nilges (0076017) | Sean T. Foss (ND #06422) |
| Shannon M. Draher (0074304) | 720 Main Ave. |
| NILGES DRAHER LLC | Fargo, North Dakota 58106 |
| 7266 Portage Street NW, Suite D | Telephone:   (701) 235-8000 |
| Massillon, Ohio 44646 | Email:          sean@okeeffeattorneys.com |
| Telephone:     (330) 470-4428 | |
| Facsimile:      (330) 754-1430 | *Counsel for Defendant* |
| Email:           sdraher@ohlaborlaw.com | |
|                       hans@ohlaborlaw.com | |

*Counsel for Plaintiff*